UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRUCE SMITH, PAUL JOSEPH, )
JOHN M. JOHNSON, ROBERT TINKER, )
MARTIN JOSEPH, KIM GADDY, )
BRIAN KEITH LATSON, )
LEIGHTON FACEY and )
MARWAN MOSS )
　)
   Plaintiffs, )
　)
v. )
　)    Civil Action No.:_____
CITY OF BOSTON, MASSACHUSETTS )
　)
   Defendant. )

## COMPLAINT, COMPENSATORY, INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

I.  INTRODUCTION

1.  This is an action by minority police sergeants for the Boston Police Department who have taken the 2005 and/or 2008 Boston Police Lieutenants' promotional exam and who claim that such examinations are unlawful under Title VII of the Civil Rights Act of 1964 because they have a severe disparate impact on minority test takers and cannot be shown to be job related under applicable federal Equal Employment Opportunity Commission guidelines. The Plaintiffs seek appropriate injunctive and compensatory relief as described herein.

II. JURISDICTION

2.  This Court has jurisdiction over this case under 28 U.S.C §§1331 and 1343 in that this case arises under the laws of the United States of America, including particularly, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended.

III. PARTIES

3. Plaintiff Bruce Smith is an adult resident of Randolph, Massachusetts. He has been a Boston Police Officer since 1989 and a Police Sergeant since May of 2005. In 2008 he took the Boston Police Lieutenants' promotional exam and received a score of 78.

4. Plaintiff Paul M. Joseph is an adult resident of Boston, Massachusetts and is a Sergeant on the Boston Police force. He has held this position since 1997, and he has been a uniformed member of the Boston Police Department since 1989. In 2005 he took the Boston Police Lieutenants' promotional exam and received a passing score of 70. In 2008 he took the promotional examination and received a score of 87.

5. Plaintiff John M. Johnson is an adult resident of Milton, Massachusetts. He is currently a Boston Police Sergeant, a position he has held since 1997. He has been a uniformed member of the Boston Police force since 1986. In 2005 he took the Boston Police Lieutenants' promotional exam and received a score of 86.

6. Plaintiff Robert Tinker is an adult resident of Weymouth, Massachusetts. He has been a Boston Police Sergeant since 1988, and has been a uniformed member of the Boston Police Department since 1979. He took the Boston Police Lieutenants' promotional exam in 2005 and received a score of 86.

7. Plaintiff Martin Joseph is an adult resident of Dorchester, Massachusetts. He is currently a sergeant on the Boston Police Department and has held this position since 2005. He has been a uniformed member of the police force since 1986. In 2008 he took the Boston Police Lieutenants' promotional exam and received a passing score of 77.

8. Plaintiff Kim Gaddy is an adult resident of Jamaica Plain, Massachusetts. She has been a police officer for the City of Boston since 1985, and she has been a sergeant since 1992.

Plaintiff Gaddy took the 2008 Boston Police Lieutenants' promotional exam and received a passing score in the 80's.

9. Plaintiff Brian Keith Latson is an adult resident of Sharron, Massachusetts. He has been a Boston Police officer since 1985 and a Boston Police Sergeant since 2001. In 2008 he took the Boston Police Lieutenants' promotional exam and received a score of 76.

10. Plaintiff Leighton Facey is an adult resident of Boston, Massachusetts. He began working as a Boston Police Officer in 1998 and has been a Sergeant since September of 2005. In 2008 he took the Boston Police Lieutenants' promotional exam and received a score of 88.

11. Marwan Moss is an adult resident of Roslindale, Massachusetts. He has been a Police officer since 1995 and a Police Sergeant since April of 2005. In 2008 he took the Boston Police Lieutenants' promotional exam and received a score of 87.

12. The Defendant, City of Boston, is a duly incorporated municipality of the Commonwealth of Massachusetts. It runs and operates a large urban Police Department, and it makes promotions in the Boston Police Department pursuant to M.G.L. ch. 31, the state Civil Services Law.

IV. CLASS ALLEGATIONS

13. The named Plaintiffs, all of whom are African American, bring this action individually and on behalf of a class of individuals similarly situated. The class of individuals similarly situated is as follows: All black police sergeants for the Boston Police Department, who have taken the 2005 and/or 2008 Boston Police Lieutenant Promotional Examination or who plan to take such examination when next given.

14. The claims of the class plaintiffs are similar if not identical to the claims of the named plaintiffs in that each has challenged the validity of the Boston Police Lieutenants'

examination and promotional procedure and do so under the same legal theory – disparate impact.

15. The class meets all of the numerosity requirements of Rule 23 of the Federal Rules of Civil Procedure, as it would be impractical to name each individual plaintiff. In addition, the claims of the named plaintiffs are representative and typical of the claims of the class plaintiffs.

16. There are common questions of law and fact which predominate over any specific individual factual claims in this case, and plaintiffs' counsel are eminently qualified to represent the claims of the named and class plaintiffs. This class is primarily certifiable under Rule 23(b)(2) of the Federal Rules of Civil Procedure in that Plaintiffs seek declaratory and injunctive relief generally applicable to all plaintiffs. The plaintiffs also seek damages in the form of back pay and other damages allowable by Title VII of the Civil Rights Act of 1964, but those claims are ancillary to the injunctive and declaratory relief sought by the plaintiffs.

17. This class should also be certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure in that there are questions of law or fact which are common to the class which predominate over any questions affecting only individual members, and a class action is a far superior method of fairly and efficiently adjudicating this controversy.

V. STATEMENT OF FACTS

18. All of the named plaintiffs are African-American police sergeants for the City of Boston Police Department, and each is well qualified for promotion to the position of Lieutenant on the Boston Police Department.

19. Each of the plaintiffs took either the 2005 or 2008 Boston Police Lieutenants' promotional examination, or both, and each received a passing score on said examination, but has not been promoted to the position of lieutenant.

20. The promotional process for becoming a lieutenant on the Boston Police Department is as follows: First, the Boston Police Department, in conjunction with the Commonwealth of Massachusetts, Human Resources Division announces that there will be a Boston Police Lieutenants' promotional exam consisting of approximately 100 multiple choice questions which are taken almost verbatim from texts and other written materials which relate to police work or supervision.

21. Each individual taking the examination receives a score based on the number of correct answers, scaled to 100 possible points. In order to be considered at all for a promotion, one must attain a passing score of 70. The final score consists of the results of the written multiple choice exams (which are based upon rote memory and taken directly from texts), and several points may be added or subtracted based upon one's years of service and educational background, but no points are added for relevant forms of experience, including military service.

22. The final score is then used to rank each candidate in order of their score on the examination.

23. Promotions to the position of Boston Police Lieutenant are then made by the defendant in strict rank order based upon one's rank on the promotional list.

24. For at least 30 years, the Boston Police Department, as well as all experts in the field, have been aware that such multiple choice rote memory examinations have a severe disparate impact on minority test takers, including African-Americans. In addition, the evidence is overwhelming that such examinations are not valid under appropriate federal and state EEOC

guidelines, in that they are not job related – or predictive of actual ability to do the job. Further, there are many and multiple less discriminatory testing procedures which are equally or more valid as predicting job abilities, and which have a far less discriminatory impact on minority candidates.

25. Because the City of Boston has predominately administered such multiple choice police promotional examinations for the position of lieutenant over the last 25 years, the result is that currently despite the fact that more than 30% of the entire Boston Police Department is made up of minority police officers, there are only, on information and belief, 2 African-American Police Lieutenants on the entire Boston Police Department out of nearly 50 lieutenants, or less than 5% of the entire police lieutenants on the Boston Police Department. In addition as of March 1, 2012 the Boston Police Department will have no minority police captains.

26. In the fall of 2005, the Boston Police Department conducted a lieutenants' promotional examination, which results were certified in the early spring of 2006. Promotions from that list continued to be made until early 2009. On information and belief, of all the lieutenant promotions made from that list, only one African-American was promoted.

27. In the fall of 2008, the Boston Police Department administered another promotional exam for the position of lieutenant, which list became certified in early 2009. Although many lieutenant promotions have been made from that list between 2009 and the present, to date there have been no minority promotions from that list despite the fact that there are many African-American police sergeants who passed the exam and were well qualified for the position.

28. Thus, as a direct result of the Boston Police Department's use of written multiple choice examinations, the number of Boston Police Lieutenants who are African-American is far

below the number of African-American Police Lieutenants that would be expected to be promoted had there been a fair lieutenants' promotional examination procedure that did not have such a severe disparate impact upon minority officers.

VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Each of the named plaintiffs have filed complaints of discrimination relating to their failure to be promoted to the position of Boston Police Lieutenant with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunities Commission, and more than 180 days has elapsed since the filing of these complaints.

## COUNT I

30. The conduct of the defendant, City of Boston, in conducting, administering, and utilizing a promotional examination system for the position of lieutenant in the Boston Police Department that has a severe disparate impact on minority candidates, cannot be shown to be job related and is not valid in accordance with EEOC guidelines is unlawful. In addition, there are many less discriminatory examination procedures which would have less discriminatory impact. Thus the Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

WHEREFORE, Plaintiffs request this Honorable Court to issue appropriate injunctive, declaratory, and compensatory relief which 1) requires the Boston Police Department to utilize a nondiscriminatory promotional examination procedure for the position of lieutenant, 2) grants injunctive and declaratory relief preventing defendants from using their current promotional procedure, 3) grants plaintiffs injunctive and compensatory relief including back pay and other damages, including reasonable attorneys' fees and costs, and 4) grants such other and further relief as this Court deems just and proper.

Respectfully submitted,

PAUL JOSEPH, et al.

By their attorneys,

_____
Harold L. Lichten, BBO # 549689
Stephen S. Churchill, BBO # 564158
Sara Smolik, BBO # 661341
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
617-994-5800

DATED: February 14, 2012