UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE SMITH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL NO. 12-cv-10291-WGY |
| | ) |
| CITY OF BOSTON, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Defendant, City of Boston ("City"), hereby respectfully moves for summary judgment on all claims raised by the remaining Plaintiffs in this matter.[1/]  The Plaintiffs' claims are for disparate impact discrimination based in race in the 2005 and 2008 City of Boston promotional examinations for the position of Lieutenant in the Boston Police Department.

As demonstrated in the Memorandum of Law filed with this Motion, summary judgment must enter for the City with respect to the 2005 Lieutenant promotional examination as only one of the current Plaintiffs (Paul M. Joseph) took this particular examination, and he did not file a timely EEOC/MCAD charge of discrimination claiming disparate impact discrimination with respect to this 2005 examination.  Thus, all of the current Plaintiffs lack standing or other legal right to raise claims in this Civil Action concerning an examination that they either did not take or took but did not file a

---

[1/] During the November 10, 2014 pre-trial conference of this case held in chambers, the Court granted the City until and including November 17, 2014 to file its motion for summary judgment, with the Plaintiffs having one week to respond to this motion, and with a hearing set for December 1, 2014 at 2:00 pm.

timely charge of discrimination.

Summary Judgment also must enter for the City with respect to the 2008 Lieutenant promotional examination as the Plaintiffs (all of whom are black) cannot meet their initial and required burden of showing a disparate impact based upon race in the results of this examination.  As the First Circuit recently made clear, a plaintiff in a disparate impact test case has the burden of showing that any seeming disparate impact based upon race in test results are "statistically significant" and not just the potential result of test result variations caused by chance.  See Jones v. City of Boston, 752 F.3d 38, 43-44 (1st Cir. 2014).  To that end, the First Circuit stated in Jones that such "statistical significance" is shown when the probability that any seeming disparity in test results were achieved by chance (the so-called "p-value") is less than five percent (or higher than 1.96 standard deviations).  Id.  The Plaintiffs cannot meet this "statistically significant" burden, and thus their claims concerning the 2008 examination must be dismissed by the Court.

In support of this Motion, the City files a Memorandum of Law, a Factual Statement, the Affidavit of John M. Simon, and the Affidavit of Rick R. Jacobs, Ph.D.

For all of the foregoing reasons, the City respectfully requests that the Court grant it summary judgment on all claims in the Plaintiffs' Second Amended Complaint, and award the City such additional relief as is just and proper including their attorney's fees and costs.

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

/s/Kay H. Hodge
Kay H. Hodge (BBO # 236560)         Amy E. Ambarik, BBO#637348
John M. Simon (BBO#645557)          Nicole I. Taub, BBO#663517
Stoneman, Chandler & Miller LLP     Boston Police Department
99 High Street                      Office of the Legal Advisor
Boston, MA 02110                    One Schroeder Plaza
(617) 542-6789                      Boston, MA 02120
khodge@scmllp.com                   (617) 343-4550
jsimon@scmllp.com                   AmbarikA.bpd@cityofboston.gov
                                    TaubN.bpd@cityofboston.gov

Dated: November 17, 2014

Certification Pursuant to Local Rule 7.1(A)(2)

I hereby certify that, pursuant to Local Rule 7.1(A)(2), I conferred by email with Plaintiffs' counsel, Benjamin Weber, on November 17, 2014 regarding the subject matter of this Motion in a reasonable and good faith attempt to resolve and/or narrow the issues addressed herein.

/s/John M. Simon
John M. Simon

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on November 17, 2014.

/s/John M. Simon
John M. Simon