UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE SMITH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL NO. 12-cv-10291-WGY |
| CITY OF BOSTON, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO STRIKE EXPERT WITNESS

The Defendant, City of Boston ("City"), hereby respectfully moves for an order striking from all aspects of this case the expert report and testimony of Plaintiffs' expert witness, Joel Wiesen, Ph.D. In support of this motion, the City states as follows:

1. Plaintiffs served the expert report of Joel Wiesen, Ph.D. on September 24, 2014.

2. Fed. R. Civ. P. 26(a)(2)(D)(i) requires that expert reports be served "at least 90 days before the date set for…the case to be ready for trial." Local Rule 26.4 requires that expert reports be served "at least 90 days before the final pretrial conference."

3. The final pretrial conference in this case occurred on November 10, 2014, the case having been placed on the Court's December, 2014 running trial list.

4. Dr. Wiesen's expert report was neither served within 90 days of the final pretrial conference or the December trial date.

5. The Plaintiffs have therefore failed to comply with the expert disclosure requirements of Rule 26(a)(2)(D)(i) and Local Rule 26.4, and, as a result, Dr. Wiesen's report should be stricken and he should not be allowed to provide testimony or other evidence in this matter for any purpose.

1

6. Dr. Wiesen should also be stricken from this case due to Plaintiffs' failure to comply with Fed. R. Civ. P. 26(e)(2). That rule requires that "additions or changes to [an expert report] must be disclosed by the time of a party's pre-trial disclosures under Rule 26(a)(3) are due."

7. Here, despite his (late) September 24, 2014 expert report, Dr. Wiesen – on November 24, 2014 – has offered an affidavit on summary judgment that repudiates the very methodology he used in his expert report to determine statistical significance. Specifically, despite utilizing the Fisher's Exact Test, 2-tailed approach in making all of the p-value calculations in his expert report (see Wiesen Expert Report at 7 n.4 ("For all statistical analyses, I report the results for the two-tailed approach, which is the more conservative approach…."), Wiesen now asserts that the Fisher's Exact Test, "one-tailed approach is the most proper one to use to test the statistical significance of the adverse impact in this matter." See Second Affidavit of Joel Wiesen at ¶ 8.

8. Dr. Wiesen has neither amended nor supplemented his expert report to account for his new-found reliance on the one-tailed approach, a plain violation of Fed. R. Civ. P. 26(e)(2).

WHEREFORE, for all of the foregoing reasons, the City move that Plaintiffs' expert witness, Joel Wiesen, be stricken from this case.

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

| | |
|---|---|
| /s/Kay H. Hodge | |
| Kay H. Hodge (BBO # 236560) | Amy E. Ambarik, BBO#637348 |
| John M. Simon (BBO#645557) | Nicole I. Taub, BBO#663517 |
| Stoneman, Chandler & Miller LLP | Boston Police Department |
| 99 High Street | Office of the Legal Advisor |
| Boston, MA 02110 | One Schroeder Plaza |
| (617) 542-6789 | Boston, MA 02120 |
| khodge@scmllp.com | (617) 343-4550 |
| jsimon@scmllp.com | AmbarikA.bpd@cityofboston.gov |
| | TaubN.bpd@cityofboston.gov |

Dated: November 26, 2014

### Certification Pursuant to Local Rule 7.1(A)(2)

I hereby certify that, pursuant to Local Rule 7.1(A)(2), I conferred by email with Plaintiffs' counsel, Benjamin Weber, on November 21, 2014 regarding the subject matter of this Motion in a reasonable and good faith attempt to resolve and/or narrow the issues addressed herein.

/s/John M. Simon
John M. Simon

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on November 26, 2014.

/s/John M. Simon
John M. Simon