UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BRUCE SMITH, PAUL JOSEPH,           )
MARTIN JOSEPH, KIM GADDY,           )
BRIAN KEITH LATSON, MARWAN          )
MOSS, LEIGHTON FACEY, and           )
LATEISHA ADAMS,                     )
                                    )   Civil Action No.: 12-10291-WGY
    Plaintiffs,                     )
                                    )
v.                                  )
                                    )
CITY OF BOSTON, MASSACHUSETTS       )
                                    )
    Defendant.                      )
_____)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BIFURCATE THE TRIAL ON LIABILITY IN ACCORDANCE WITH FEDERAL RULE 26(a)**

In this case, neither the previously assigned judge (Tauro) or this Court set dates for the disclosure of expert witnesses, and therefore disclosure of experts is governed by Rule 26(a)(2), which requires that a party disclose any expert and produce a report at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). At which point, the opposing party has 30 days to submit expert rebuttal evidence. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Plaintiffs here have vigorously prosecuted this case and have sought to acquire the data necessary to allow their expert, Dr. Joel Wiesen, to demonstrate that the Boston Police Lieutenants' Examination had severe adverse impact on minority candidates See Plaintiffs' Opposition to Defendant's Motion to Strike Expert Witness (ECF No. 117) at p. 2-4 for detailed account of the efforts made by Plaintiffs (including the filing of a motion to compel) to secure the necessary data from the City of Boston and Commonwealth's Human Resources Division. As previously stated, Plaintiffs' expert, Dr. Joel Wiesen, completed his expert report on adverse

1

impact on September 24, 2014 (one week after the plaintiffs finally obtained the necessary data from the Human Resources Division), and it was provided to counsel for the Defendants that same day. ECF No. 117 at p. 4; Affidavit of Benjamin J. Weber (ECF No. 118) at ¶ 11. In violation of that Rule, 26(a)(2)(D), the City of Boston provided no rebuttal expert report on any issue in this case. Yet on or about November 24, 2014, two weeks from the then-scheduled trial, the City of Boston proffered two expert affidavits (not expert reports in accordance with Rule 26), to which Plaintiffs promptly filed motions to strike. See ECF Nos. 107 (Affidavit of Jacintho Silva), 108 (Affidavit of Michael Campion), 110-11 (motions to strike).[1]

Even worse, the City of Boston did not proffer an expert report for Dr. Silva, their supposed statistics expert on adverse impact, until Friday, December 5, 2014, literally one week before trial. See E-mail proffering Dr. Silva's Report, dated Dec. 5 2014 (attached as Ex. A). This report contained additional information not contained in his affidavit filed on November 24, 2014. Moreover, on December 1, the City of Boston first proffered its expert witness report for its expert on validity, Dr. Campion. See E-mail proffering Dr. Campion's Expert Report, dated Dec. 1, 2014 (attached as Ex. B).

As Plaintiffs have already pointed out in their memorandum of law in support of their motion for summary judgment (ECF No. 95), in a disparate impact case such as this, it is Plaintiffs' burden to first demonstrate adverse impact through expert testimony. Plaintiffs have done this through their expert report authored by Dr. Wiesen. The City of Boston failed to proffer any rebuttal experts and indeed, it wasn't until December 5, 2014 that the City proffered

---

[1] In fact, the City of Boston caused even more confusion by initially producing an affidavit, not a report, for Dr. Rick Jacobs' affidavit on November 17, 2014, which the plaintiffs promptly moved to strike. ECF Nos. 93, 100. Then, on November 24, 2014, the City of Boston produced Dr. Silva's affidavit on the same subject matter covered by Dr. Jacobs, and have since taken the position that Dr. Jacobs may not be deposed, and will not be a witness. See ECF No. 127.

its first expert report on adverse impact, a report by Dr. Silva. Meanwhile, in light of Dr. Silva's affidavit and the report which he just filed on December 5, 2014, the Plaintiffs promptly had their expert, Dr. Wiesen, author a short rebuttal expert report well within the thirty days allowed by Rule 26(a)(2)(D(ii), and it was provided to the City of Boston on December 9, 2014. In addition Plaintiffs' experts are about to file rebuttal expert reports to Dr. Campion's report, and the first one will be filed by December 10. Plaintiffs' other expert on validity and less discriminatory alternatives has committed to finishing her report by December 21.

Thus, in this very important disparate impact discrimination case involving the City of Boston Police Department's utter failure to have a representative number of minority police lieutenants on its force (at a time when, in light of recent events, people are increasingly questioning the ability of police departments to treat minorities fairly), this Court has ordered the trial to begin on December 15, in apparent violation of the requirements of Rule 26 and making it extremely difficult for Plaintiffs' counsel to properly prepare for trial. Nevertheless, Plaintiffs' counsel are working assiduously to be ready for trial on December 15, assuming that the City of Boston cooperates in providing access to their expert on adverse impact for depositions. ECF No. 128.

The Plaintiffs intend to be ready to try the issue of adverse impact beginning on December 15, 2014 despite the incredibly late notification of the City of Boston's expert, and the proffer of its expert report. The question of adverse impact mainly consists of evidence relating to statistical analysis, and historical evidence, as well as academic journal articles and papers, and thus Plaintiffs believe the trial can be conducted on this issue next week.

If the Court finds that the lieutenants' examination had adverse impact on minority applicants (as Plaintiffs are confident the Court will), then the burden of proof shifts to the City

3

of Boston to demonstrate that the test was job-related or "valid," in a manner required by the EEOC Guidelines, also known as the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 1607.5. Bradley v. City of Lynn, 443 F. Supp. 2d 145, 157 (D.Mass. 2006) (quoting EEOC v. Steamship Clerks Union, Local 1066, 48 F.3d 594, 601-602 (1st Cir. 1995); 42 U.S.C. § 2000e-2(k)(1)(A)(i) (requiring employer " to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity"); 42 U.S.C. § 2000e(m) ("The term 'demonstrates' means meets the burdens of production and persuasion."). If the City of Boston is able to prove that the examination meets certain "validity" requirements, that it is actually predictive of good job performance and tests for the necessary attributes of the job, then the Plaintiffs can still prevail by showing that there are equally valid, and less discriminatory alternatives. Bradley, 443 F. Supp. 2d at 156.

The trial on validity and less discriminatory alternatives, as opposed to adverse impact, is a much more demanding task requiring many more days of hearing and significant expert and lay testimony. Since the City of Boston bears the burden of proving validity, it is their obligation to first provide an expert report attempting to demonstrate that their examination was valid, and then under Rule 26(b)(4)(A), Plaintiffs must be given the opportunity to depose the City's expert and to proffer rebuttal expert reports refuting the City's expert under Rule 26(a)(2)(D)(ii).

Yet in this case, the City of Boston provided no expert report regarding the so-called validity of the City of Boston's Police Lieutenants' Examination until December 1, 2014, literally two weeks before trial. Under Rule 26(a)(2)(D)(i), the City of Boston's expert report should have been filed 90 days before trial (since there was no other court order regarding the designation of experts), and, once filed,. Plaintiffs should have had 30 days to file a rebuttal under Rule 26(a)(2)(D(ii). Yet this Court has already ruled that the City of Boston may utilize its

4

experts, even though both only proffered reports in December of 2014 (two weeks before trial). While the Court has further permitted Plaintiffs to proffer rebuttal experts, it has deprived them of a reasonable time for doing so as prescribed by Rule 26(a)(2)(D)(ii). Thus this extremely important case is going to trial with both parties not having sufficient time to be prepared on the difficult expert and public policy issues involved in this case.

Stepping back for a minute and looking at the big picture, the issue of disparate impact discrimination with respect to Boston Police promotional exams has been an issue which has been addressed by the federal courts in this district on numerous occasions. See, e.g., Massachusetts Ass'n of Afro-Am. Police, Inc. v. Boston Police Dep't, 780 F.2d 5 (1st Cir. 1985) (extending 1979 consent decree containing affirmative action provisions designed to increase the number of black officers promoted by Boston Police Department); Castro v. Beecher, 459 F.2d 725 (1st Cir.1972) (affirming district court finding that the BPD discriminated against black applicants through the use of entry-level testing procedures that favored whites); Boston Police Superior Officers Fed'n v. City of Boston, 147 F.3d 13, 20 (1st Cir. 1998) (finding that the Boston Police Department's historical discrimination against minority officers served to prevent minorities from reaching the level of lieutenant); Brackett v. Civil Serv. Comm'n, 447 Mass. 233, 244 (2006) ("Racial discrimination in hiring practices pertaining to Massachusetts police officers has been established in prior judicial determinations."). Moreover, based upon recent news events regarding the lack of minority police supervisors in cities throughout the country, and the harm that creates for society as a whole, this issue is of extreme importance, involves extremely complicated issues of law, fact and science, and deserves to be tried in a rational and fair basis, without a rush. Plaintiffs' counsel have worked diligently throughout the last two years to acquire the necessary information which they need to try this case. They have taken

depositions in this case, they proffered their expert report on adverse impact as soon as they had secured the necessary information from the Commonwealth of Massachusetts' Human Resources Division, they provided their first expert report back on September 24, 2014, they have filed motions to compel, and they should not be faulted for the fact that the Defendants have done absolutely nothing in this case up until late November of 2014.

    For all these reasons, it would be virtually impossible for either the City of Boston or Plaintiffs' counsel to be able to properly put on a case regarding validity and less discriminatory alternatives during the days before Christmas, since the Plaintiffs have not even filed their rebuttal expert reports yet, the Defendants have not had a chance to depose such experts, and Defendant's expert only provided his report on December 1, 2014. It is a blatant violation of Federal Rule 26 to require Plaintiffs to go to trial on the issue of validity and less discriminatory alternatives without providing them sufficient time to complete their expert rebuttal reports, and arrange for their experts to testify at trial. It is admittedly unfortunate that neither Judge Tauro, nor this Court, set a schedule for experts. But in a case this important, and given the specific requirements of Rule 26(a)(2), at the very least, this Court should start trial of this case on December 15, 2014 addressing the issue of adverse impact, but allow the parties at least until mid-January or thereafter to reconvene to try the issue of validity and less discriminatory alternatives, so it can be done in an orderly, fair and rational fashion.

Respectfully submitted,

BRUCE SMITH, et al.
By their attorneys,


/s/ Harold Lichten
Harold Lichten, BBO#549689
Benjamin Weber, BBO#673736
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02114
(617) 994-5800
hlichten@llrlaw.com
bweber@llrlaw.com


Stephen Churchill
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3262
steve@fairworklaw.com

DATED:  December 9, 2014


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on counsel for all parties through the ECF system on this date.


DATED: December 9, 2014                     /s/ Harold L. Lichten
                                            Harold L. Lichten