UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 12-10291-WGY

| | |
|---|---|
| BRUCE SMITH, PAUL JOSEPH, JOHN M. JOHNSON, ROBERT TINKER, MARTIN JOSEPH, KIM GADDY, BRIAN KEITH LATSON, MARWAN MOSS, LEIGHTON FACEY, and LATEISHA ADAMS, <br><br>  Plaintiffs, <br><br> v. <br><br> CITY OF BOSTON, MASSACHUSETTS <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE
REGARDING FOUR-FIFTHS RULE**

The City's motion to preclude evidence about the "four-fifths" rule should be denied for at least three reasons: (1) that rule has long been used to evaluate adverse impact pursuant to the EEOC's Uniform Guidelines, (2) the City's own expert on adverse impact, Jacinto Silva, Ph.D., testified at his deposition last week that he and other testing experts continue to use the four-fifths rule to evaluate adverse impact, and (3) the First Circuit's limitations on the four-fifths rule do not apply here.

First, the four-fifths rule was established long ago, in the Equal Employment Opportunity Commission's Uniform Guidelines on Employee Selection Procedures (1978) ("Uniform Guidelines"). Under this rule, "[a] selection rate for any race…which is less than four-fifths (4/5) (or eighty percent) of the rate for the group with the highest rate will generally be regarded…as evidence of disparate impact." 29 C.F.R. § 1607.4(D). Since its promulgation, the

four-fifths rule has been used by numerous courts to analyze adverse impact, including the Supreme Court.  In Ricci v. DeStefano, 557 U.S. 557 (2009), for example, the Court concluded that there was "significant" adverse impact based solely on a four-fifths analysis of passing rates between white candidates and black and Hispanic candidates taking a firefighter promotional exam.  Id. at 586-87.

Second, at his deposition several days ago, Dr. Silva, who is serving as the City's expert on issues of adverse impact, testified that he and other testing experts regularly use the four-fifths rule to evaluate adverse impact.  (Deposition of Jacinto Silva, Ph.D., Exh. A, at 41, 94-95).  The plaintiffs' expert, Joel Wiesen, Ph.D., likewise relies on and uses the four-fifths rule to evaluate disparate impact, as demonstrated by his expert report.  (Expert Report of Joel Wiesen, Ph.D., Trial Ex. 47, at 7-13).

Third, the First Circuit has "approved use of the four-fifths rule as a pertinent benchmark in the employment context."  Langlois v. Abington Hous. Authority, 207 F.3d 43, 50 (1st Cir. 2000), citing Boston Police Superior Officers Fed'n v. City of Boston, 147 F.3d 13, 21 (1st Cir.1998).  The First Circuit has ruled that a plaintiff cannot rely exclusively on the four-fifths rule *when a sample size is too small to establish statistical significance*, Jones v. City of Boston, 752 F.3d 38, 52 (1st Cir. 2014) (citation omitted), but that is not the case here, where there are numerous statistically significant measures of adverse impact.  (Wiesen Report, Trial Ex. 47, at 7-18).  Indeed, the court expressly stated that "[t]he fact that the four-fifths rule is only a rule of thumb that does not always work *does not mean that it can never provide evidence of a nonrandom disparity*."  Id., citing Ricci, 557 U.S. at 586-87 (emphasis added).

For these reasons, the Court should deny the City's motion in limine.

                                                          Respectfully submitted,

                                                          BRUCE SMITH, et al.
                                                          By their attorneys,

                                                         /s/ Stephen Churchill

                                                         Harold Lichten, BBO#549689
                                                         Benjamin Weber, BBO#673736
                                                         Lichten & Liss-Riordan, P.C.
                                                         100 Cambridge St., 20th Floor
                                                         Boston, MA 02114
                                                         (617) 994-5800
                                                         hlichten@llrlaw.com
                                                         bweber@llrlaw.com

                                                         Stephen Churchill, BBO#564158
                                                         Fair Work, P.C.
                                                         192 South Street, Suite 450
                                                         Boston, MA 02111
                                                         (617) 607-3262
                                                         steve@fairworklaw.com

DATED:  December 14, 2014

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing document has been served on counsel for all parties through the ECF system on this date.

DATED: December 14, 2014                       /s/ Stephen Churchill
                                                                                        Stephen Churchill