UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE SMITH, PAUL JOSEPH,        )
MARTIN JOSEPH, KIM GADDY,        )
BRIAN KEITH LATSON,              )
LEIGHTON FACEY, MARWAN MOSS, and )
LATEISHA ADAMS,                  )
                                 )
                Plaintiffs,      )
                                 )
        v.                       )   CIVIL ACTION
                                 )   NO. 12-10291-WGY
CITY OF BOSTON,                  )
                                 )
                Defendant.       )

YOUNG, D.J.                                         July 29, 2019

**ORDER**

On June 21, 2019, Bruce Smith, Paul Joseph, Martin Joseph, Kim Gaddy, Brian Keith Latson, Leighton Facey, Marwan Moss, and LaTeisha Adams (collectively, "the Officers") moved this Court to allow Stanley Desmesmin ("Desmesmin"), Kenneth Sousa ("Sousa"), and William Woodley ("Woodley") to intervene in this case pursuant to Federal Rule of Civil Procedure 24 or, as an alternative, permit the Officers to amend their complaint to include Desmesmin, Sousa, and Woodley. Pls.' Partially Assented-To Mot. Intervene & Supporting Mem. Law ("Mot. Intervene") 1, 5, ECF No. 267. The City of Boston (the "City") submitted an opposition to the Officers' motion to intervene on

July 2, 2019. Def.'s Partial Opp'n Pls.' Mot. Intervene ("Opp'n Mot. Intervene"), ECF No. 275. On July 9, 2019, this Court granted the Officers' motion to intervene to the extent that the City assented.[1] Order, ECF No. 276. The Court took the question as to whether to allow Desmesmin also to intervene under advisement. Electronic Order, ECF No. 276. The Officers filed their reply to the City's opposition on July 17, 2019, in which they requested, as an alternative to granting their motion to intervene, that this Court stay consideration of that motion pending the Massachusetts Commission Against Discrimination's determination as to whether to provide Desmesmin with a private right-to-sue letter. Reply Supp. Pls.' Partially Assented-To Mot. Intervene ("Reply Mot. Intervene") 2 n.1, ECF No. 280.

After careful consideration, the Court STAYS the Officers' motion to intervene with respect to Desmesmin, ECF No. 267, pending the Massachusetts Commission Against Discrimination's procedural action on Desmesmin's Charge of Discrimination, see Reply Mot. Intervene, Ex. A, Charge of Discrimination, ECF No. 280-1.

Here, Desmesmin seeks to advance a claim of disparate impact pursuant to both Title VII of the Civil Rights Act of 1964 and Massachusetts General Laws chapter 151B. See id. at 4.

---

[1] The City assented to Sousa and Woodley intervening. Opp'n Mot. Intervene 1.

Yet, Desmesmin only filed a complaint with the Massachusetts Commission Against Discrimination on July 12, 2019, see id. at 2, and there is no indication that he previously filed such a complaint with the Equal Employment Opportunity Commission, see Reply Mot. Intervene 2 n.1. As a consequence, Desmesmin has neither received a right-to-sue letter from either agency, see Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009) (stating that plaintiffs must receive a right-to-sue letter from Equal Employment Opportunity Commission prior to filing Title VII claim in federal district court); 804 Mass. Code Regs. § 1.15(2)(a) (providing that the Massachusetts Commission Against Discrimination will not allow removal of claims within 90 days of filing of a complaint unless complainant files a motion and shows "good cause"), nor has the 90 day waiting period on his chapter 151B claim run, see Mass. Gen. Laws ch. 151B, § 9; Rinsky v. Cushman & Wakefield, Inc., 918 F.3d 8, 14 n.2 (1st Cir. 2019). Thus, Desmesmin has not exhausted his administrative remedies before bringing his claims before this Court. Jorge v. Rumsfeld, 404 F.3d 556, 564-65 (1st Cir. 2005) ("Exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency."); Errichetti v. Massachusetts Water Res. Auth., 300 F. Supp. 2d 270, 274-75, 274 n.5 (D. Mass. 2004) (Stearns, J.) (determining that a plaintiff must exhaust

[3]

administrative remedies prior to initiating suit under chapter 151B); see also Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1848-52 (2019) (holding that Title VII's exhaustion requirement goes to the merits, not jurisdiction). Further, unlike the defendants in Fort Bend County, the City timely raised its exhaustion argument. Compare Fort Bend Cty., 139 S. Ct. at 1846-48 ("Years into the litigation, [the defendant] asserted for the first time that the District Court lacked jurisdiction to adjudicate [the plaintiff's] religion-based discrimination claim because she had not stated such a claim in her EEOC charge.") with Electronic Clerk's Notes, ECF No. 70 (denying class certification without prejudice) and Electronic Clerk's Notes, ECF No. 264 (denying class certification with prejudice) and Opp'n Mot. Intervene 1, 3-4, 3 n.2 (raising exhaustion issue 11 days after the Officers moved to intervene). Nor do the Officers argue to the contrary in their reply briefing, see generally Reply Mot. Intervene.

Therefore, the Court STAYS the Officers' motion to intervene with respect to Desmesmin, ECF No. 267, pending the

procedural action of the Massachusetts Commission Against Discrimination.

    **SO ORDERED.**

/s/ William G. Young<br>
WILLIAM G. YOUNG<br>
DISTRICT JUDGE